# UNITED STATES DISTRICT COURT
for the
**<u>Eastern District of Kentucky</u>**
<u>Lexington Division</u>

| | | |
|---|---|---|
| John Wilson | ) | |
|     *Plaintiff* | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| NCO Financial Systems, Inc. | ) | |
|     *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
|     C T Corporation System | ) | |
|     306 W Main St. | ) | |
|     Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| Asset Acceptance, LLC | ) | |
|     *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
|     C T Corporation System | ) | |
|     306 W. Main Street | ) | |
|     Suite 512 | ) | |
|     Frankfort, KY 40601 | ) | |
| | ) | |
| FMS, Inc. | ) | |
|     *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
|     Robin Archer | ) | |
|     4915 S. Union Ave | ) | |
|     Tulsa, OK 74107 | ) | |
| | ) | |
| Dynamic Recovery Solutions, LLC | ) | |
|     *Defendant* | ) | |
| | ) | |
| Serve: | ) | |
|     National Registered Agents Inc. | ) | |
|     2 Office Park Ct. | ) | |
|     Suite 103 | ) | |
|     Columbia, SC 29223 | ) | |
| | ) | |

# COMPLAINT and DEMAND FOR JURY TRIAL

### INTRODUCTION

1.   Defendant, NCO Financial Systems, Inc., violated the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* by continually calling an harassing Plaintiff, John Wilson, in an attempt to collect a debt that Mr. Wilson does not owe.

2.   The Federal Trade Commission brought suit against Defendant, Asset Acceptance, LLC ("AAL"), on January 30, 2012. The next day, the parties entered the Consent Decree in which AAL agreed *inter alia* that, when it was attempting to collect that was passed the applicable statute of limitations, it would notify the consumer that AAL would not attempt to sue the consumer debtor to collect the debt. Defendant, FMS, Inc. ("FMS"), sent Mr. Wilson a dunning letter, on behalf of AAL, attempting to collect a time-barred debt without giving him the required notice. FMS's dunning letter also attempted to collect interest on the debt that is neither authorized by agreement nor permitted by law. These and other actions by FMS and AAL violate the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§1692 *et seq.,* which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

3.   Defendant, Dynamic Recovery Services, Inc. ("DRS"), repeatedly called and harassed Mr. Wilson in an attempt to collect a debt that Mr. Wilson does not owe. Also, DRS threatened Mr. Wilson with legal action, garnishment, and to report him to the IRS. But DRS had neither a legal right nor the actual intention to take any of these actions in plain violation of the FDCPA.

### JURISDICTION

4.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. §1692k(d).

### PARTIES

5.   Plaintiff, John Wilson, is a natural person who resides in Lincoln County, Ky. Plaintiff is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

6.   Defendant, NCO Financial Systems, Inc. ("NCO"), is a corporation foreign to Kentucky, the principal purpose of whose business is the collection of debts, operating as a debt collection agency with its principal place of business located at 507 Prudential Rd., Horsham, PA 19044.

7.   NCO regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

8.      Defendant, Asset Acceptance, LLC ("AAL"), is a foreign limited partnership, with its principal place of business located at 28405 Van Dyke Ave., Warren, MI 48093. AAL has registered with the Kentucky Secretary of State, and is engaged in the business of purchasing debt from creditors and collecting these debts from citizens of this commonwealth.

9.      AAL regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6)

10.     Defendant, FMS, Inc. ("FMS"), is a corporation foreign to Kentucky, the principal purpose of whose business is the collection of debts, operating as a debt collection agency with its principal place of business located at 4915 South Union Avenue, Tulsa, OK 74107.

11.     FMS regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6)

12.     Defendant, Dynamic Recovery Solutions, LLC ("DRS"), is a South Carolina limited liability company, the principal purpose of whose business is the collection of debts, operating a debt collection agency with its principal place of business located at 135 Interstate Blvd., Suite 6, Greenville, SC 29615.

13.     DRS regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and is a "debt collector" within the meaning of the FDCPA, as defined by 15 U.S.C. § 1692a(6).

### STATEMENT OF FACTS

**I.      Facts Relating to NCO**

14.     On October 15, 2012, NCO sent Mr. Wilson a dunning letter that states in pertinent part:

```
P.O. BOX 15109                                    NCO Financial Systems, Inc.
Dept. 926                                         507 Prudential Road
WILMINGTON, DE 198505109                          Horsham, PA 19044
926.54982364.6800.EDUA                            877-716-6788


Calls to or from this company may be monitored    Date: October 4, 2012
or recorded for quality assurance.                Our Account #: 54982364
                                                  Creditor: NATIONAL COLLEGIATE TRUST
                                                  School Name: N/A
                                                  Lender Name: N/A
                                      62886 - 925 Default Date: 04/20/05
                                                  Creditor's Account #: 593487593/700-001000
JOHNI WILSON                                      Principal: $2711.88
231 ARCADIA VIEW DR                               Interest: $1097.41
STANFORD KY 40484-8680                            Current Interest Rate: 3.15
                                                  Collection Costs/Charges: $0.00
                                                  Other: $0.00
                                                  Current Balance Due: $3809.29
                                                  This Balance is a Sum of Balances from 1 Account(s).
```

(A copy of NCO's October 15, 2012 letter is attached as an Exhibit to the Complaint).

-3-

15. NCO's October 15th letter is an attempt to collect a student loan debt, which is a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

16. The receipt of this letter caused Mr. Wilson great anxiety and upset.

17. Upon receipt of NCO's October 15, 2012 letter, Mr. Wilson reviewed all of his outstanding student loans and his credit report.

18. This review revealed that Mr. Wilson had no student loans in default including any and all loans through the National Collegiate Trust.

19. NCO's October 25, 2012 letter is an attempt to collect a debt from Mr. Wilson that he does not owe in violation of the FDCPA.

## II. Facts Relating to AAL and FMS

20. On March 8, 2012, FMS—on AAL's behalf—sent Mr. Wilson a dunning letter that states in pertinent part:




**FMS**
PO BOX 707600
TULSA, OK 74170-7600
Toll Free: 866-637-4517

Office Hours:
Mon - Thurs 7:00AM to 9:00PM CST
Friday 7:00AM to 5:00PM CST
Saturday 9:00AM to 1:00PM CST

Street Address: FMS INC. • 4915 South Union Avenue • Tulsa • Oklahoma • 74107

**40% SETTLEMENT OFFER**

March 8, 2012

Dear John W Wilson,

We have been authorized by ASSET ACCEPTANCE LLC to offer you a 40% settlement to pay your outstanding balance, as shown. We can offer payment arrangements on this settlement offer to assist you in clearing this account in three(3) monthly installments.

Take advantage of this offer by contacting us at 866-637-4517 to make arrangements to settle your account. This offer is good through April 22, 2012.

Asset Acceptance LLC. may report information about your account to credit bureaus. Correspondence concerning inaccuracies and disputes relating to your credit report should be sent to: Asset Acceptance, LLC, P.O. Box 1630, Warren, MI, 48090-1630.

\* Any returned payment will be represented electronically.

Your payment should be made payable to ASSET ACCEPTANCE LLC and mailed to the address on the tear-off portion of this letter.

We also accept payment by Western Union, MoneyGram, Visa, and Mastercard. Call us at 866-637-4517 for information on these easy methods of payment.

If you have a savings of $600 or more, our client may be required to report this amount to

| Account Summary | |
|---|---|
| Regarding | ASSET ACCEPTANCE LLC |
| Customer No | xxxx9253 |
| Original Creditor | AALLC / ARROW 11 / 06 |
| Original Creditor No | xxxxxxxxxx6184 |
| Account Of | JOHN W WILSON |
| Account No | 32145031 |
| Total Balance Due | $1,339.32 |
| Settlement Amount | $535.73 |

(A copy of FMS's March 8, 2012 letter is attached as an Exhibit to the Complaint).

21. In response to this letter, undersigned counsel sent FMS and AAL a dispute and debt-validation letter under 15 U.S.C. § 1692g.

22.     AAL responded to counsel's letter on May 7, 2012, which provides in pertinent part:

**Asset Acceptance, LLC**

Toll Free (877) 234-3936 Ext 8642
PO Box 2036
Warren, MI 48090

May 07, 2012

JAMES LAWSON
10600 TIMBERWOOD CIR STE 1
LOUISVILLE KY 40223-5368

Re: JOHN W WILSON
JC PENNEY
Original Creditor Acct # CG8892126916184
Asset Acceptance, LLC Acct # 29639253

Dear JAMES LAWSON

I am in receipt of the letter from your office indicating that you represent the above referenced individual. Upon further review of the aforementioned account, Asset Acceptance, LLC (AALLC) has agreed to cease all collection efforts and close the account. Based upon your assertion that there is an entry from our company on your credit bureau, we have conducted an internal investigation. According to our records, we are not currently reporting this account to your credit bureau. If you have records that indicate otherwise, please forward a copy for review.

If you have any questions or concerns regarding the above matter, please contact this office.

Sincerely,

Sheila Elliott

(A copy of AAL's May 7, 2012 letter is attached as an Exhibit to the Complaint).

23.     The original account number listed in AAL's May 7th letter is the same as the original account number listed on FMS's March 8th letter.

24.     So FMS's dunning letter is an attempt to collect a store-credit-card debt from Mr. Wilson that was originally issue by JC Penney.

25.     Mr. Wilson recalls having a JC Penney store card that he opened in 1996.

26.     Mr. Wilson last used or made a payment on his JC Penney store card in the Christmas of 2000.

27. Mr. Wilson used his JC Penney store credit card for personal and household purposes, making this AAL account a "debt" within the meaning of the FDCPA. 15 U.S.C. § 1692a(5).

28. To the best of his recollection, Mr. Wilson paid off his JC Penney card in 2000.

29. Mr. Wilson's Experian credit report lists a charge account from GECRB/JCP, Account # 600889212691XXXX with a high balance of $729.00.

30. Mr. Wilson's Experian credit report notes that the JC Penney account was closed.

31. Mr. Wilson's Experian credit report includes a payment history on the JC Penney account, which states the last activity on the account was in September 2003 and the account was current.

32. FMS's March 8, 2012 dunning letter demands payment of almost twice the high limit on Mr. Wilson's JC Penney account, an account which Mr. Wilson paid in full.

33. Upon information and belief, AAL's purchase, if any, of the JC Penney store credit card debt does not include any right to charge or accrue interest on the debt.

34. While Mr. Wilson does not concede that he defaulted on his JC Penney store credit card, even if there was a default, the applicable statute of limitations would bar AAL from bringing suit against Mr. Wilson and would operate as a complete defense to any court action against him.

35. FMS's March 8, 2012 letter fails to advise Mr. Wilson that the statute of limitations would bar its claim against him in court and that AAL would therefore not sue him to collect the debt.

36. Asset Acceptance, LLC recently reached a settlement agreement with the Federal Trade Commission in which it expressly agreed to provide certain additional consumer protections in its collection of debts, including advising debtors that it will not bring suit in cases where the statute of limitations would bar any legal action.

37. According to FTC's official website:

The FTC's nine-count complaint charged Asset Acceptance with:

- misrepresenting that consumers owed a debt when it could not substantiate its representations;

- **failing to disclose that debts are too old to be legally enforceable or that a partial payment would extend the time a debt could be legally enforceable**;

- providing information to credit reporting agencies, while knowing or having reasonable cause to believe that the information was inaccurate;

- failing to notify consumers in writing that it provided negative information to a credit reporting agency;

- failing to conduct a reasonable investigation when it received a notice of dispute from a credit reporting agency;

- repeatedly calling third parties who do not owe a debt;

- informing third parties about a debt;

- using illegal debt-collection practices, including misrepresenting the character, amount, or legal status of a debt; providing inaccurate information to credit reporting agencies; and making false representations to collect a debt; and

- failing to provide verification of the debt and continuing to attempt to collect a debt when it is disputed by the consumer.

http://www.ftc.gov/opa/2012/01/asset.shtm (visited 2/26/12) (emphasis added) (a copy of the AAL Consent Decree can be found at http://www.ftc.gov/os/caselist/0523133/ 120130assetcmpt.pdf).

38. In explaining the terms of the settlement agreement, the FTC announced:

> One of the nation's largest consumer debt buyers has agreed to pay a $2.5 million civil penalty to settle Federal Trade Commission charges that it made a range of misrepresentations when trying to collect old debts. In addition, the company, **Asset Acceptance, LLC, has agreed to tell consumers whose debt may be too old to be legally enforceable that it will not sue to collect on that debt.**

*Id.* (emphasis added).

### III.  Facts Relating to DRS

39. In early 2012, DRS began a determined and relentless campaign of debt collection abuse aimed at Mr. Wilson.

40. DRS through its agents, employees, or representatives repeatedly called Mr. Wilson in an attempt to collect an alleged debt originally owed to BP Petroleum.

41. On March 14, 2012, DRS again called Mr. Wilson on his cell phone, claiming that he owed $722.00 on the alleged debt.

42. The DRS agent, employee, or representative threatened legal action against Mr. Wilson, including garnishment and referral to the IRS.

43. Mr. Wilson does not owe, does not have, and has never had a BP Petroleum account.

44. DRS's campaign of harassment and abuse focused on Mr. Wilson was an attempt to collect a debt that he did not owe and included repeated threats to take legal actions that DRS did not intend to and could not take against Mr. Wilson to collect a debt.

### CAUSES OF ACTION: Violations of the Fair Debt Collection Practices Act

**I.     FDCPA Claims against NCO Financial Systems, Inc.**

45. The foregoing acts and omissions of NCO constitute violations of the FDCPA, including, but not limited to:

> **(a)** NCO violated 15 U.S.C. § 1692e(5), which prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken" by attempting to collect a student loan debt from Mr. Wilson which he does not owe;
>
> **(b)** NCO violated 15 U.S.C. § 1692f(1), which prohibits debt collectors from "collect [ing] any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" by falsely claiming that Mr. Wilson was $3,809.29 in default on a student loan debt that he does not owe and is not in default;
>
> **(c)** NCO violated 15 U.S.C. § 1692f, which prohibits debt collectors from using "unfair and unconscionable means to collect or attempt to collect any debt" by falsely claiming that Mr. Wilson was $3,809.29 in default on a student loan debt that he does not owe and is not in default;
>
> **(d)** NCO violated 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" by falsely claiming that Mr. Wilson was $3,809.29 in default on a student loan debt that he does not owe and is not in default; and.
>
> **(e)** NCO violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the debt by, including but not limited to, falsely claiming Mr. Wilson is indebted to NCO.

**II.     FDCPA Claims against AAL**

46.     The foregoing acts and omissions of AAL constitute violations of the FDCPA, including, but not limited to:

**(a)**  AAL violated 15 U.S.C. §§ 1692f and 1692e by, including but not limited to, (i) failing to advise Mr. Wilson that it was attempting to collect on a debt that would be barred by the statute of limitations and that it would not sue him to collect that debt in plain violation of its settlement agreement with the FTC and the Consent Decree, and (ii) falsely claiming that Mr. Wilson was in default on a debt that was originated by JC Penney, which he does not owe;

**(b)**  AAL violated 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" by falsely claiming that Mr. Wilson was in default on a debt that was originated by JC Penney;

**(c)**  AAL violated 15 U.S.C. § 1692e(5), which prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken" by, including but not limited to, (i) attempting to collect a debt originated by JC Penney that Mr. Wilson does not owe, and (ii) imposing and accruing interest on the JC Penney credit card debt without any legal right to do so;

**(d)**  AAL violated 15 U.S.C. § 1692f(1), which prohibits debt collectors from "collect[ing] any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" by, including but not limited to, (i) attempting to collect a debt from Mr. Wilson that he does not owe, and (ii) imposing and accruing interest on the JC Penney credit card debt without any legal right to do so; and

**(e)**  AAL violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the debt by falsely claiming Mr. Wilson is indebted to Asset Acceptance, LLC and by failing to advise him that AAL would not sue him to collect the debt because the statute of limitations would bar any legal action to collect the debt.

**III.    FDCPA Claims against FMS**

47.     The foregoing acts and omissions of FMS constitute violations of the FDCPA, including, but not limited to:

**(a)**  FMS violated 15 U.S.C. §§ 1692f and 1692e by, including but not limited to, by falsely claiming that Mr. Wilson was in default on a debt that was originated by JC Penney, which he does not owe;

**(b)** FMS violated 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" by falsely claiming that Mr. Wilson was in default on a debt that was originated by JC Penney;

**(c)** FMS violated 15 U.S.C. § 1692e(5), which prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken" by, including but not limited to, (i) attempting to collect a debt originated by JC Penney that Mr. Wilson does not owe, and (ii) imposing and accruing interest on the JC Penney credit card debt without any legal right to do so;

**(d)** FMS violated 15 U.S.C. § 1692f(1), which prohibits debt collectors from "collect[ing] any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" by, including but not limited to, (i) attempting to collect a debt from Mr. Wilson that he does not owe, and (ii) imposing and accruing interest on the JC Penney credit card debt without any legal right to do so; and

**(e)** FMS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the debt by falsely claiming Mr. Wilson is indebted to Asset Acceptance, LLC.

## IV.     FDCPA Claims against DRS

48.     The foregoing acts and omissions of DRS constitute violations of the FDCPA, including, but not limited to:

**(a)** DRS violated 15 U.S.C. § 1692e(5), which prohibits debt collectors from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken" by, including but not limited to, (i) falsely threatening to garnish his wages and refer him to the IRS where DRS had no legal basis for filing a lawsuit or any actual intent to file a lawsuit against him, and (ii) attempting to collect a BP Petroleum debt from Mr. Wilson which he does not owe;

**(b)** DRS violated 15 U.S.C. § 1692f(1), which prohibits debt collectors from "collect[ing] any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law" by falsely claiming that Mr. Wilson was in default on a debt to BP Petroleum;

**(c)** DRS violated 15 U.S.C. § 1692f, which prohibits debt collectors from using "unfair and unconscionable means to collect or attempt to collect any debt" by falsely claiming that Mr. Wilson was in default on a debt to BP Petroleum that he does not owe and is not in default;

**(d)** DRS violated 15 U.S.C. § 1692e, which provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt" by falsely claiming that Mr. Wilson was in default on a debt to BP Petroleum that he does not owe and is not in default;.

**(e)** DRS violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and/or legal status of the debt by, including but not limited to, falsely claiming Mr. Wilson is indebted to BP Petroleum; and

**(f)** DRS violated 15 U.S.C. 1692d(5) by engaging in "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" by "[c]ausing [Mr. Wilson's] telephone to ring or engaging [Mr. Wilson] in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass [Mr. Wilson] at the called number"

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, John Wilson, requests that the Court grant the following relief:

1. Award Plaintiff actual damages;

2. Award Plaintiff statutory damages;

3. Award Plaintiff punitive damages;

4. Award Plaintiff reasonable attorney's fees;

5. Award Plaintiff costs; and

6. Such other relief as may be just and proper.

**TRIAL BY JURY IS DEMANDED**

-12-

Respectfully submitted,

James McKenzie
*Pedley & Gordinier, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel:     (502) 214-3120
Fax:    (502) 214-3121
jmckenzie@pedleylaw.com

James H. Lawson
*Lawson at Law, PLLC*
10600 Timberwood Circle
Suite 1
Louisville, KY 40223
Tel:     (502) 473-6525
Fax:    (502) 473-6561
james@kyclc.com